## STEPHENS *v.* HOOKS.

1. A distress-warrant proceeding, based upon an affidavit by A, "as agent of B," that C is indebted "to him" in a stated sum for rent, upon which a warrant is issued in favor of A, "as agent of B," is a proceeding by A and not by B, the words "as agent of B" being merely descriptive of the person.
2. Applying the rule just stated, the evidence demanded a verdict in favor of the defendant, and there was no error in overruling the motion for a new trial.

Submitted February 10, — Decided March 8, 1905.

Distress warrant.   Before Judge .Taliaferro.   City court of Sandersville.   April 23, 1905.

An affidavit to obtain a distress warrant recited that " J. K. Stephens, agent for E. L. Stephens,  .   .   on oath says that Jeff Hooks  .   .   is justly indebted to him " in a stated sum for the rent of a described farm.   The affidavit was signed, " J. K. Stephens."   Upon this affidavit a distress warrant issued, which recited that " J. K. Stephens, agent for E. L. Stephens, having made oath that Jeff Hooks  .   .   is justly indebted to him " in the sum named in the affidavit, for the rent of the farm therein described, and commanded the officer to whom the warrant was dirècted to seize a sufficiency of the property of Hooks to make the sum named and all costs, and to have these sums at a stated term of the city court of Sandersville, "to render to the said J. K. Stephens, agent for E. L. Stephens."   Hooks interposed a counter-affidavit, which contained, among other averments, an allegation

STEPHENS *v.* HOOKS.

that the warrant was proceeding against him illegally " as a tenant of the said J. K. Stephens; when in fact the relation of landlord and tenant does not exist between J. K. Stephens and this deponent." At the trial there was evidence authorizing a finding that the relation of landlord and tenant did exist between E. L. Stephens and the defendant, but the evidence demanded a finding that no such relation existed between J. K. Stephens and the defendant. The jury returned a verdict in favor of the defendant, and the plaintiff excepts to the overruling of his motion for a new trial.

*E. L. Stephens,* for plaintiff. *Howard & Jordan,* for defendant.

COBB, J. The distress warrant was proceeding in the name of J. K. Stephens, the words " as agent," etc., being merely descriptive of the person. *Maxwell* vₗ *Collier,* 115 *Ga.* 304. In the case just cited the affidavit was regular in all respects, it averring that the affiant was the agent of the landlord and that the defendant was indebted to the landlord. The warrant issued in the name of the affiant as agent for the landlord ; and it was held that in a claim case the levy should have been dismissed for this reason, as the warrant did not follow the affidavit. In the present case the affidavit is ambiguous as to the person to whom the rent is owing. The word " him " may refer either to the affiant or to E. L. Stephens. The warrant described the person in whose favor it was issued as " J. K. Stephens, agent for E. L. Stephens." Hence, under the ruling above referred to, the warrant was proceeding in the name of J. K. Stephens, and not in the name of E. L. Stephens ; and this is true without reference to whether the affidavit be construed as averring indebtedness to J. K. Stephens or to E. L. Stephens. Treating the proceeding (as it must be treated) as one in the name and behalf of J. K. Stephens individually, there was no evidence whatever to authorize a finding in his favor that any rent was due him. The verdict for the defendant was demanded by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*